# Exhibit 1

Revised April 6, 2018

<u>*Del Toro Lopez v. Uber Technologies, Inc.*</u>, Case No. 17-cv-06255-YGR
**United States District Court for the Northern District of California**

# If you worked at Uber as a Software Engineer, you could get a payment from this class action settlement.

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

- The settlement provides $10,000,000 to compensate Class Members. This amount will be used for both Fund A (automatically paid out to all Class Members) and Fund B (paid out only to Class Members who submit a claim form and qualify for an award from Fund B).

- The Settlement affects the rights of all female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial individuals (who are in part one of the foregoing races) who work or worked for Uber in the United States as a Software Engineer 1 or 2, Senior Software Engineer 1 or 2, or Staff Software Engineer ("Covered Software Engineering Positions") at any time between July 31, 2013 and [insert Preliminary Approval date].
  - **If you are not a female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial individual (who is in part one of the foregoing races), you are required to notify *del Toro Lopez v. Uber Technologies, Inc.* Settlement Administrator, XXXX [including email address and website] promptly following receipt of this Notice.**

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| Your legal rights and options in this Settlement: ||
|---|---|
| **Do nothing** | If you do nothing, you will receive a check for an amount estimated to be approximately $\_\_\_, as your share of "Fund A" (explained below in § 6). |
| **Submit a claim form** | You also have the option to submit a Claim Form to receive a share of the money in "Fund B" (in addition to your money from Fund A). The Claim Form allows you to describe incidents of harassment, hostile work environment and discrimination based on your gender, race or national origin, while you were employed by Uber on or after July 31, 2013, as well as their impact on you. |
| **Exclude yourself** | You may exclude yourself or "opt out" if you do not wish to participate in the settlement. If you choose this option, you get no payment and will not release any claims against Uber. |

Revised April 6, 2018

| | |
|---|---|
| **Comment (including Object)** | Write to the Court about what you think about the settlement. |
| **Go to the hearing** | If you would like, you may ask to speak in Court about the fairness of the settlement. You do not need to do this to receive a payment. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to finally approve the settlement. Payments will be made only if the Court approves the settlement and after appeals, if any, are resolved. Please be patient.

- This is not a lawsuit against you. Your participation in this lawsuit and acceptance of money from the settlement will not affect your employment status in any way.

Revised April 6, 2018

## What This Notice Contains

BASIC INFORMATION ............................................................................................................................4
    1.    Why did I get this notice package? ........................................................................................ 4
    2.    What is this lawsuit about? ..................................................................................................... 4
    3.    Why is this a class action? ...................................................................................................... 4
    4.    Why is there a settlement? ..................................................................................................... 4

WHO IS IN THE SETTLEMENT .............................................................................................................5
    5.    How do I know if I am part of the settlement? ..................................................................... 5

THE SETTLEMENT BENEFITS—WHAT YOU GET ...............................................................................5
    6.    What does the settlement provide? ....................................................................................... 5
    7.    What can I get from the settlement? ..................................................................................... 8

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM .........................................................9
    8.    How can I get a payment? ...................................................................................................... 9
    9.    When would I get my payment? ............................................................................................ 9
    10.   What am I giving up to get a payment or stay in the Class? ............................................... 9

EXCLUDING YOURSELF FROM THE SETTLEMENT ..........................................................................11
    11.   How do I get out of the settlement? ..................................................................................... 11
    12.   If I exclude myself, can I get money from this settlement? ............................................... 11

YOUR PRIVACY .................................................................................................................................12
    13.   Will my manager know whether or how I responded to this Notice? ............................. 12

THE LAWYERS REPRESENTING YOU ...............................................................................................12
    14.   Do I have a lawyer in this case? ............................................................................................ 12
    15.   How will Class Counsel and the Named Plaintiffs be paid? ............................................ 12

COMMENTING ON (INCLUDING OBJECTING TO) THE SETTLEMENT ............................................12
    16.   How do I tell the Court that I like or don't like the settlement? ...................................... 13
    17.   What's the difference between objecting and excluding? ................................................ 13

THE COURT'S FAIRNESS HEARING ..................................................................................................13
    18.   When and where will the Court decide whether to approve the settlement? ................ 13
    19.   Do I have to come to the hearing? ....................................................................................... 14
    20.   May I speak at the hearing? .................................................................................................. 14

IF YOU DO NOTHING .......................................................................................................................14
    21.   What happens if I do nothing at all? ................................................................................... 14

GETTING MORE INFORMATION ......................................................................................................14
    22.   Are there more details about the settlement? .................................................................... 14

Revised April 6, 2018

# Basic Information

**1.      Why did I get this notice package?**

The purpose of this Notice is to let you know that there is a class and collective action lawsuit pending in the United States District Court, Northern District of California, entitled *del Toro Lopez v. Uber Technologies, Inc.*, Case No. 17-cv-06255-YGR (the "Lawsuit").  You have received this Notice because Uber's records show that you are a female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial individual (who is in part one of the foregoing races) who work or worked for Uber in a Covered Software Engineering Position.

The Court authorized that you be sent this notice because you have a right to know about a proposed settlement of the Lawsuit, and about your options, before the Court decides whether to grant final approval of the settlement.  If the Court approves it and after any objections and appeals are resolved, a third-party administrator appointed by the Court will make the payments that the settlement allows.  You will be informed of the progress of the settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  If you wish to receive money from, comment upon (including object to), or exclude yourself from the settlement, you must do so following the procedures described below.

**2.      What is this lawsuit about?**

In the lawsuit, Plaintiffs claimed that Uber's policies and practices regarding compensation and promotion violated federal and California state laws by unlawfully discriminating against female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial individuals (who are in part one of the foregoing races) who work or worked for Uber in a Covered Software Engineering Position, and that there was harassment or a hostile work environment for those employees.  The lawsuit asked the Court to require Uber to provide damages, penalties, and other compensation to those employees (or former employees).  The lawsuit also sought to compel Uber to change its policies and procedures so that such conduct does not happen in the future.

Uber denies that it did anything wrong and contends that, among other things, that it has complied at all times with applicable federal and California law.

**3.      Why is this a class action?**

In a class action, one or more people, called Class Representatives (in this case, Roxana del Toro Lopez and Ana Medina) sue on behalf of people who have similar claims.  All these people with similar claims are Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Honorable Yvonne Gonzalez Rogers, United States District Judge, is presiding over this class action.

**4.      Why is there a settlement?**

The Court did not decide in favor of either party.  Instead, both sides agreed to a settlement, which, if approved, brings the litigation to an end.  That way, Plaintiffs and Uber

avoid the cost, delay, and uncertainty of moving forward in litigation to trial and possible appeals, and the Class Members will get compensation. The Class Representatives and the attorneys for both sides think that the settlement is fair, reasonable, adequate and in the best interests of the members of the class and all parties.

## Who is in the Settlement

To see if you are eligible to get money from this settlement, you first have to determine if you are a Settlement Class Member.

**5. How do I know if I am part of the settlement?**

Judge Gonzalez Rogers determined that everyone who fits this description is a Settlement Class Member: any female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial individual (who is in part one of the foregoing races) who worked in a Covered Software Engineering Position and who was employed by Uber in the United States at any time between July 31, 2013 and [insert Preliminary Approval date].

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator at [insert Claims Administrator telephone number].

## The Settlement Benefits—What You Get

**6. What does the settlement provide?**

**Total amount.** Uber has agreed to pay $10,000,000 to cover the claims of Class Members, and for a three-year period to implement, continue and enhance substantial policy initiatives moving forward. Each Class Member who follows the proper procedure to receive a payment will receive a share of the $10,000,000 amount, as described below.

**Uncashed checks.** Uncashed checks, if any, will be distributed in equal shares to Girls Who Code, the Mexican American Legal Defense and Educational Fund ("MALDEF") and the NAACP Legal Defense and Educational Fund.

**Monetary relief.** The monetary relief provided by the settlement is divided into two funds, Fund A and Fund B.

**Monetary relief – Fund A.** Fund A will be paid out to all Class Members automatically. You do not need to do anything (such as submit a Claim Form) to receive money from Fund A. **Your estimated share of the Fund A portion of the Settlement is $XX.** Each Class Member's share of Fund A depends on (a) job title(s), (b) weeks worked in each job title, (c) whether you were employed full-time or part-time, (d) whether you were employed in California or elsewhere in the United States, and (e) whether you have previously signed a release of any or all of the claims covered by this Settlement. Details regarding the multipliers are available in § 5.4 of the Settlement Agreement, which is available at [website]. Fund A covers lost compensation and ordinary emotional distress damages (no physical manifestations) resulting from discrimination and unequal pay.

Revised April 6, 2018

**Monetary relief – Underlying data.**  Your payment will be calculated according to the information listed below, which was determined using Uber's data.  If you believe that any of the below information is incorrect, please contact the Settlement Administrator at [insert Settlement Administrator contact information] by [opt-out deadline]:

| Dates | Weeks / Pay periods | Job Title | State | Status | Release? |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

In the "Release?" column, "Yes" means you released your claims for that time period pursuant to an earlier individual settlement, and consequently get partial or no credit for those weeks.  "No" means you have not released those claims and consequently get full credit of those weeks.

**Monetary relief – Fund B.**  Fund B will be paid out only to Class Members who submit a valid Claim Form demonstrating that they were subjected—based on their gender, race, and/or national origin—(i) to any harassment in the workplace or a work environment that was hostile, or (ii) to discrimination that had an emotional, psychological, financial, professional, physical, and/or medical impact on them, in either case while employed by Uber on or after July 31, 2013.  (Do not include an incident of discrimination if it resulted *only* in less compensation to you than others.  Damages for lost pay and ordinary emotional distress without physical manifestations are covered by Fund A.)

**Monetary relief – Fund B – The Claim Form.**  This Claim Form is optional; if you do not submit it, you will not receive any money from Fund B.  Submitting the Claim Form does not guarantee that you will get money from Fund B.  The individual payments from Fund B will depend on an objective evaluation by the Settlement Administrator, with input jointly from counsel for the parties, of the validity and strength of the facts presented by each Class Member in each Claim Form.  The Fund B payments will be capped at (a) $1,900,000 in aggregate for all Class Members who submit Claim Forms (out of the total of approximately 482 Class members who have the option of filing Claim Forms) and (b) $100,000 per Class Member, absent special circumstances.  If 100 Class Members submit Claim Forms, the average value of each Claim Form (including any valued at $0 and any valued at $100,000) will be $19,000.  If 15 Class Members submit Claim Forms, then some of the $1,900,000 in Fund B will remain unawarded, and that money remaining in Fund B will be reallocated to Fund A.  Submitting a Claim Form will not affect the money you receive from Fund A; in other words, Class Members who receive money from Fund B will also receive their regular share from Fund A.

Claim Forms will be scored based on the following factors:

- **The nature of the incident(s).**  What happened?  Was there differential treatment of someone because of their gender, race, or national origin?  Was the act directed at the Class Member, another Class Member, or someone else?  How intense was it (e.g., yelling, touching, use of force, use of deception, offensiveness, etc.)?  What was the perpetrator's role at Uber (e.g., peer, subordinate, manager, executive)?  Where did it occur (e.g., at the office, off-site, etc.)?  Did others hear/observe the incident(s)?

- **The number and frequency of incidents.**  How many incidents were there? Was there a sustained series of incidents over time?  Over what time period did the incidents occur?

- **The impact of the incident(s) on the Class Member.**  What impact did the incident(s) have?  Did they affect the Class Member's work assignments, job opportunities, or length of employment at Uber?  Did they result in physical, emotional, psychological, medical, monetary, or other harm?  Did the Class Member get medical treatment, and if so what kind?

- **Complaints.**  Did the Class Member complain to someone at Uber (e.g., HR, a manager, etc.) or someone else (e.g., a government agency like the EEOC or state equivalent)?  How detailed was the Class Member's complaint?

- **Details and evidence.**  Is the Class Member describing the incident in detail or vaguely?  Is supporting documentation provided where appropriate?

The precise manner in which the Claim Forms will be scored will be developed by the Settlement Administrator in light of its experience implementing discrimination class action settlements, in conjunction with Class Counsel and Uber's counsel, after the Claim Forms are received.

Before the Final Approval Hearing, the parties will update the Court as to the Claim Form process, including Claim Forms received and the development of the scoring system, and provide additional information to the Court as requested so that it can make an informed decision as to Final Approval.

**Policy initiatives at Uber going forward.**  In addition to the monetary relief, for a three-year period Uber has agreed to implement or continue and enhance several policy initiatives, including the following:

- **Monitoring.**  Uber will continue to monitor its progress towards its diversity objectives (including but not limited to those in the Covington recommendations) and will report its progress at least quarterly to its executive leadership team and members of its Board of Directors.  Highlights of these reports will be shared with employees quarterly.  In addition, Uber will publish its diversity representation to employees at least twice annually.

- **Training.**  Uber will require all new hires and current employees to complete diversity and inclusion training.

- **Professional validation of HR practices.**  Uber will retain an expert in industrial organizational psychology ("Independent Consultant") to consult with Uber in reviewing and modifying (i) minimum standards for job applicants, (ii) preferred qualifications for job applicants, (iii) core selection inquiries, (iv) leveling guides, (v) standards for setting starting compensation, (vi) performance criteria, and (vii) promotion processes for Software Engineers 1 and 2, Senior Software Engineers 1 and 2, and Staff Software Engineers job titles.

- **Evaluations.** Uber will review and modify as appropriate the calibration, performance review, promotion, and bonus process by, among other things, applying the assessment forms and instructions created by the Independent Consultant, as well as ensuring that calibration group leaders are appropriately trained and that all managers who participate have completed on-the-job training on bias and discrimination.

- **Bonus decisions.** Uber will consider significant leadership contributions to its employee resources groups and diversity and inclusion programs in awarding annual cash bonuses.

- **Analysis of compensation.** Uber will monitor compensation and promotions for adverse impact based on gender and race or Hispanic status for any group that comprises at least 2% of the work force.

- **Mentoring.** Uber will offer to every interested Class Member a mentor who has been trained in his or her role, and will invite feedback from the mentees on the engagement and effectiveness of their mentors.

- **New hire check-ins.** Uber will provide all Software Engineer 1 new hires with a check-in approximately three months after their date of hire.  At that time, Uber will outline in writing any technical and non-technical skill or competency gaps detected as of that date, the resources Uber shall make available to address them, the steps the employee should take to address them (including self-study), and a date for a follow-up assessment of progress.

- **Parental leave.** Uber will maintain and make available to all employees written policies on maternity, paternity, and parental leave; accommodation for breastfeeding and the location of lactation rooms; flexible work hours; and the procedure for requesting a reduced schedule with reduced pay.

Uber is required to provide written reports to your lawyers (called Class Counsel) setting forth its progress in implementing these changes twice a year for the next two years and once at the end of the third year.  If Class Counsel believes that Uber is not fulfilling its responsibility under the settlement, any dispute will be submitted to a third-party neutral, called a Special Master.  You are encouraged to share your experiences with Class Counsel during the three-year monitoring period, to help them in ensuring that the goals of the Settlement are achieved.

### 7. What can I get from the settlement?

If you are a Class Member and if the settlement is granted final approval, then you will be mailed a check for your share of the settlement.  Under the current schedule, you should receive your check around [insert approximate date].

Revised April 6, 2018

## How You Get a Payment

**8.     How can I get a payment?**

You do not need to submit anything to get your share of the settlement funds from Fund A.

To receive a share of the settlement funds from Fund B, you need to complete and properly submit the enclosed Claim Form describing any (i) harassment in the workplace or a work environment that was hostile, or (ii) discrimination that had an emotional, psychological, financial, professional, physical, and/or medical impact on you, in either case based on your gender, race or national origin while employed by Uber on or after July 31, 2013.  (Do not include an incident of discrimination if it resulted *only* in less compensation to you than others.  Damages for lost pay and ordinary emotional distress without physical manifestations are covered by Fund A.)

Harassment and hostile work environment are defined on page [__] of the Claim Form.  The Claim Form will be scored according to objective criteria, and depending on the score your form receives, you may receive an additional payment.  Returning a signed Claim Form is not a guarantee that you will receive money from Fund B.  Regardless, you will still receive money from Fund A.

You can submit a Claim Form by mail, email, or online as follows:

[Settlement Administrator contact information, including address, email address, and website].

Claim Forms must be received by the Settlement Administrator or postmarked by [date].

**9.     When would I get my payment?**

The Court will hold a hearing on [insert fairness hearing date], to decide whether to approve the settlement.  If Judge Gonzalez Rogers approves the settlement, and there are no appeals, we estimate that checks will be mailed around [insert approximate date].  However, because it is always possible for there to be unexpected delays or appeals, it is possible that the payments will be delayed by a year or more, or that an appeals court will determine that the payments cannot be made.

We will provide regular updates of the status of the Settlement at www._____.com.  If your contact information changes, please submit your new contact information to the Settlement Administrator or Class Counsel via that website.

**10.    What am I giving up to get a payment?**

According to our records, you are or were a female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial (who is in part one of the foregoing races) Uber employee who worked in a Covered Software Engineering Position in the United States on or after July 31, 2013.  Unless you exclude yourself, you will remain as part of the Class and receive a payment, which means that you cannot sue, continue to sue, or be part of any other lawsuit against Uber over the federal and state-law gender, race and national origin discrimination, harassment and hostile environment, fair pay / unequal pay, California Labor

Revised April 6, 2018

Code and California Business and Professions Code issues in this case (except that if you do not cash your check, you will not release any federal Equal Pay Act claims). Unless you exclude yourself, it also means that all of the Court's orders will apply to you and legally bind you. In other words, you agree to the "Release of Claims" below, which describes the legal claims that you give up if you get settlement benefits.

    Release of Claims: You, on behalf of yourself and on behalf of your current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge all Released Parties from the class claims actually pled in the operative Complaint in *del Toro Lopez v. Uber*, i.e., (i) claims for unequal pay; (ii) claims for disparate treatment and pattern and practice discrimination based on gender, race and national origin with respect to all forms of compensation (including but not limited to salary, bonus, and stock or equity awards), raises, job assignments, job code placement, demotions, denial of promotion, delayed promotion, performance ratings, ratings used for purposes of compensation rewards (including bonus and stock awards), and other terms and conditions of employment; (iii) claims for disparate impact discrimination based on gender, race and national origin with respect to all forms of compensation (including but not limited to salary, bonus, and stock or equity awards), raises, job assignments, job code placement, demotions, denial of promotion, delayed promotion, performance ratings, ratings used for purposes of compensation rewards (including bonus and stock awards), and other terms and conditions of employment; and (iv) claims for gender, race and national origin harassment and hostile work environment, as well as all claims under federal, state and local law that are based on the same facts and circumstances as the claims brought in the Complaint.

    "Released Parties" means (i) Uber Technologies, Inc.; (ii) its current and former subsidiaries and affiliated entities of the entities; and (iii) the respective predecessors and successors, as well as all of their incumbent and former officers, directors, owners, members, managers, shareholders, investors, agents, insurers, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities of each entity referenced in (i) and (ii).

    The claims you release include but are not limited to claims under the following laws and their implementing regulations and include all forms of damages (including but not limited to economic, emotional distress, punitive and exemplary damages, and damages to reputation): (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., (ii) Section 1981 of the Civil Rights Act; (iii) for those who work or worked in California: the California Fair Employment and Housing Act, Cal. Gov't Code §12940, et seq., the California Equal Pay Act, Cal. Lab. Code §1197.5, the California Fair Pay Act, Cal. Lab. Code §§1197.5 and 1194.5 (on and after January 1, 2016), the California's Business & Professions Code §17200, et seq., the Labor Code Private Attorneys General Act (PAGA), Cal. Lab. Code §§2698-2699, and Cal. Lab. Code §§201, 202, 203, 204, and 558.1; and (iv) for those who work or worked in the District of Columbia or in states outside of California, the state and local laws of similar import in their respective jurisdictions, including, but not limited to, Arizona Rev. Stat. Ann. §23-341, Colorado Rev. Stat. Ann. §8-5-101, et seq.; Illinois Equal Pay Act of 2003, 820 Ill. Comp. Stat. 112/1, et seq.; Kentucky Equal Pay Law, Ky. Rev. Stat. Ann. §337.423; Massachusetts Gen. Laws Ann. 149 §105A; Michigan Comp. Laws Ann. §408.423 and §750.556; Missouri. Rev. Stat. §290.400; New Jersey Equal Pay Act, N.J. Rev. Stat. §34:11-56.1, et

seq.; Equal Pay Provision of the New York State Labor Law, N.Y. Labor Law §194; Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.17(A); Oregon Equal Pay Statute, Or. Rev. Stat. §652.220; Pennsylvania Equal Pay Law, 43 Pa. Cons. Stat. §336.3; and Washington Rev. Code §49.12.175.  The Released Claims are limited to the facts and circumstances pled in the Complaint and do not include claims for, among other things, disability discrimination, retaliation, or wrongful discharge.

Only as to the claims released herein, you waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Per the requirements of the FLSA, of which the federal EPA is part, the release of federal EPA claims shall apply only to those Class Members who opt in or are deemed to have already opted in under this Settlement.  Cashing a check to receive money from the Settlement constitutes opting in.

## Excluding Yourself from the Settlement

If you do not want a payment from this settlement, and you want to keep the right to sue Uber, on your own, about the legal issues in this case, then you may need to take steps to get out.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately, because you may have to exclude yourself from this Class to continue your own lawsuit.  This is called excluding yourself from—or opting out of—the settlement Class.

**11.     How do I get out of the settlement?**

To exclude yourself from (opt out of) the settlement and not release any claims, you must send a letter saying that you want to be excluded from *del Toro Lopez v. Uber Technologies, Inc.* and that you understand that you will not receive money from it.  You must include your (1) name, (2) address, (3) telephone number, and (4) signature.  Your exclusion (or opt-out) request must be received or postmarked by [insert date].  Exclusions (opt-outs) should be sent to:

> *del Toro Lopez v. Uber Technologies, Inc.* Settlement Administrator
> XXXX [including email address and website]

You cannot exclude yourself (opt out) by phone.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Uber in the future.

**12.     If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive money.  But you may sue, continue to sue, or be part of a different lawsuit against Uber on your own.

# Your privacy

**13.     Will my manager know whether or how I responded to this Notice?**

All administration of the Settlement (including review of Claim Forms, handling of opt-out requests and objections, and processing of settlement checks) is being handled by an independent, experienced, Court-appointed Settlement Administrator called JND Legal Administration.  The Settlement Administrator will report to your lawyers (called Class Counsel) and to Uber's outside lawyers (who are not employed by Uber, but are representing them) regarding which Claim Forms, exclusion requests, and comments (including objections) were submitted.

Uber has agreed that no information about these submissions (or lack thereof) will be shared within the company unless there is a need to know in order to implement the settlement.  For example, this information may be viewed by a small number of people in Human Resources who need to process the information for tax purposes, and Uber's outside lawyers may request personnel file information or other records to verify details provided in Claim Forms.

# The Lawyers Representing You

**14.     Do I have a lawyer in this case?**

The Court appointed the following attorneys to represent you and the other Class Members:  Adam Klein, Jahan C. Sagafi, Rachel Bien, Rachel Dempsey, and Iris Mattes of Outten & Golden, LLP.

Together, these lawyers are called Class Counsel or Plaintiffs' Counsel.  You will not be charged for these lawyers' work in securing the settlement benefits for you and the other Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.     How will Class Counsel and the Class Representatives be paid?**

Class Counsel will ask the Court for attorneys' fees of up to 30 percent of the $10,000,000 fund and reimbursement of out-of-pocket costs of up to $170,000, consistent with the terms of the Settlement Agreement.  The attorneys' fees and costs, as awarded by the Court, shall be paid from the $10,000,000 fund created by the settlement.  In addition, Class Counsel will apply to the Court for a service award of up to $50,000 for Class Representative Roxana del Toro Lopez and up to $30,000 for Class Representative Ana Medina, who made this case possible by stepping forward as named Plaintiffs, provided evidence, and guided strategy in this case.  These service awards are being requested in recognition of the time, effort, and risk incurred by the two Class Representatives in securing the benefits of this Settlement for you and the other Class Members.  In addition, these two Class Representatives are agreeing to release more legal claims than you and the other Class Members are releasing.

# Commenting on (including objecting to) the settlement

You can tell the Court what you think about the settlement.

Revised April 6, 2018

**16.    How do I tell the Court that I like or don't like the settlement?**

If you're a Class Member and you decide to participate in the settlement, you can comment on (including objecting to) the settlement. You can give reasons why you think the Court should or should not approve it.

The Court cannot order a larger (or smaller, or otherwise different) settlement; it can only approve or deny the settlement. If the Court denies approval, there will be no settlement at this time, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object, and explain your reasoning for the Court's benefit.

You may comment on and object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written comments and objections and supporting papers must (a) clearly identify the case name and number (*del Toro Lopez v. Uber Technologies, Inc.*, Case Number 17 Civ. 36255), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [insert deadline].

The Court will only require substantial compliance with the requirements for submitting an objection.

**17.    What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because you are out of the Class, so the case no longer affects you.

## The Court's Fairness Hearing

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a fairness hearing at [insert time and date], at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, before the Honorable Gonzalez Rogers, United States District Judge. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Gonzalez Rogers will listen to people who wish to speak at the hearing, if any. The Court may also decide how much to pay Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. The fairness hearing may be postponed without further notice to the Class. If you plan to attend the hearing, you should check www._____.com or the Court's PACER site at https://ecf.cand.uscourts.gov to confirm that the date has not been changed.

**19.     Do I have to come to the hearing?**

No.  Class Counsel represents you and will answer any questions Judge Gonzalez Rogers may have.  But you are welcome to come at your own expense.  If you send a comment (including an objection), you do not have to come to Court to talk about it.  As long as you submitted it on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**20.     May I speak at the hearing?**

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter to the Class Action Clerk at the address listed in section 16, saying that it is your "Notice of Intention to Appear at the Fairness Hearing in *del Toro Lopez v. Uber Technologies, Inc.*, Case Number 15 Civ. 36255."  You must include your name, address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked or emailed no later than [insert deadline].  This requirement may be excused upon a showing of good cause.

You cannot speak at the hearing if you excluded yourself, because the case no longer affects you.

# If You Do Nothing

**21.     What happens if I do nothing at all?**

According to our records, you are or were a female, Latino/Latina/Hispanic, African American/Black, Native American, Alaskan Native, and/or multiracial (who is in part one of the foregoing races) Uber employee who worked in a Covered Software Engineer Position at any time between July 31, 2013 and [insert Preliminary Approval date].  If you do nothing, you will release your claims as described above in section 10 and will receive money from Fund A.  If you submit a Claim Form, you will release your claims as described above in section 10, will receive money from Fund A, and may receive money from Fund B.

You are not required to take any action or not take any action.  It is your choice.

# Getting More Information

**22.     Are there more details about the settlement?**

This Notice is intended to be a summary of the terms of the Settlement.  The Settlement Agreement, First Amended Complaint, and this Notice are all available at www._____.com.

You may also obtain this information by contacting the Settlement Administrator at [insert phone number], class counsel at Outten & Golden LLP at (415) 638-8800, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at 1301 Clay

Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

By order of the United States District Court for the Northern District of California.

Dated: [DATE]